UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 5:11-cr-10 |
| | § | |
| CHARLES KEVIN CLAYTON | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

On March 16, 2021, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Jonathan Hornok. Defendant was represented by Jeff Harrelson.

Charles Kevin Clayton ("Defendant") was sentenced on June 14, 2012, before The Honorable Michael Schneider of the Eastern District of Texas, after pleading guilty to the offense of uttering counterfeit obligations or securities of the United States, a Class C felony. This offenses carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Defendant was subsequently sentenced to 78 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. On July 27, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On June 7, 2018, this case was reassigned to U.S. District Judge Robert W. Schroeder, III.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **The defendant shall not commit another federal, state, or local crime.** Specifically,

the Government alleges that on February 8, 2021, Defendant committed the misdemeanor offense of Possession/Use of a Substance or Device to Falsify a Drug Test. This conduct stemmed from his attempt to use a urination device (bottle filled with urine) during an attempted collection of a urine specimen at the U.S. Probation Office. The urination device was observed and confiscated by U.S. Probation Officer Ben Sanders. Charges have not been filed with local law enforcement.

2) **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** Specifically, the Government alleges on October 4, 2018, Mr. Clayton submitted a urine specimen which tested positive for synthetic marijuana. On September 22, 2020, and February 9, 2021, Mr. Clayton submitted urine specimens which tested positive for marijuana, methamphetamine, and amphetamine. Lab results confirmed all positive tests.

After initially appearing March 10, 2021, the Court scheduled a revocation hearing for March 16, 2021. At the hearing, the defendant pled true to the alleged violations as set forth above.

Based upon Defendant's plea of true to the allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. The Court recommended Defendant's term of supervised release be revoked.

Counsel announced the parties agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody

of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no term of supervised release to follow said term of imprisonment.

As agreed on by the parties, the Court further recommends Defendant be given credit for time served beginning on March 5, 2021.

The Court further recommends the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be sentenced to twenty-one (21) months imprisonment with credit given for time served from March 5, 2021, with no term of supervised release to follow. It is further

**RECOMMENDED** the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 16th day of March, 2021.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE